# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

SECOND DISTRICT—DECEMBER TERM, 1885.

WILLIAM EDWARDS

v.

WILLIAM HAMILTON.

1. VENDOR AND VENDEE.—The fraudulent intent of the vendor can not affect the rights of a purchaser for value who is not chargeable with notice of such intent.

2. DECLARATIONS OF VENDOR.—The declarations of a vendor, made after the sale of the property, can not be received to defeat the title of the vendee.

3. SAME—RES GESTÆ.—Where the terms of the contract of sale had been agreed upon, but the sale had not been fully consummated by a delivery of the property, statements made by the vendor explanatory of his then custody of the subjects of the sale, and of that which he was then doing in furtherance of the transfer, may be regarded as a part of the *res gestæ* and therefore admissible.

APPEAL from the Circuit Court of Knox county; the Hon. A. A. SMITH, Judge, presiding. Opinion filed December 4, 1885.

Messrs. STEWART & STEWART, for appellant.

Messrs. GRIER & DRYDEN, for appellee.

BAKER, J. This controversy arises out of an interpleader

interposed by William Hamilton, the appellee, in a certain attachment suit prosecuted by the appellant against Samuel and Joseph Gratton, and wherein the writ had been levied on two colts, a sulky plow and a set of double harness. The issue formed was, whether or not the sale made of said property by Samuel Gratton to appellee was fraudulent. The verdict and judgment were for the intervening claimant.

There is no doubt, from the testimony, that Samuel Gratton disposed of all his property, to appellee and others, for the purpose of defrauding his creditors, and left the country. It is, however, the settled law, that the fraudulent intent of the vendor can not affect the right of a purchaser for value who is not chargeable with notice of such intent. The evidence bearing upon the question of the good faith of appellee is somewhat conflicting, but sufficiently supports the verdict.

The instructions of the court were quite full, and fairly submitted the matters in issue to the jury. There were slight inaccuracies in several of them, but these inaccuracies were amply cured by other instructions, and were not of sufficient importance to justify a reversal.

The statements made by Samuel Gratton to Edwards and to Bryant, after he had sold and delivered the colts to appellee, were properly excluded by the court. The declarations of a vendor, made after the sale of the property, can not be received to defeat the title of the vendee. Miner v. Phillips, 42 Ill. 123.

The colts were sold on the 19th of October, 1883, and were at that time in the pasture of one Montgomery; and the vendor, on the 24th of the same month, went to the pasture and got them, and took them to the farm of appellee, some four miles distant.

Montgomery was permitted, over the objection of appellant, to answer a question as to what Samuel Gratton said at the time and while in the act of taking them away. So also one Barr, who met said Gratton with the colts on the road from the pasture to the place of appellee, was allowed to testify as to what Gratton said in regard to what he was doing with them. We think the questions were not objectionable;

the terms of the contract of sale had been agreed upon, but the sale had not been fully consummated by a delivery of the property, and the statements made by the vendor, explanatory of his then custody of the subjects of the sale and of that which he was then doing in furtherance of the transfer, may be regarded as a part of the *res gestæ*, and therefore admissible.

The question to Barr only elicited the answer that Gratton remarked that he was taking them to Hamilton's, and that he did not remember of his saying anything about a sale.

The answer of Montgomery, however, went too far to be properly a part of the *res gestæ*, as it went to the extent of stating what Gratton said as to the price for which the colts had been sold.

But as the objectionable feature was in the answer, and not in the question, and no motion was made to exclude, we think appellant can not now avail himself of this point.   Moreover, the indebtedness of the defendants in attachment to appellant was not contracted until nearly a month after the time of this sale, and it does not appear from the evidence that any other debts against said defendants, or either of them, were then in existence.   The judgment is affirmed.

Affirmed.